## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

PAUL O'HANLON, AN INDIVIDUAL; )
JONATHAN ROBISON, AN INDIVIDUAL; )
GAYLE LEWANDOWSKI, AN )
INDIVIDUAL; IRMA ALLEN, AN )
INDIVIDUAL; AND  PITTSBURGHERS )
FOR PUBLIC TRANSIT, A PROJECT OF )
THOMAS MERTON CENTER, INC., A )
PENNSYLVANIA NON-PROFIT )
CORPORATION, ON BEHALF OF )
THEMSELVES AND ALL INDIVIDUALS )
SIMILARLY SITUATED, )
 )
       Plaintiffs, )
 )
   vs. )
 )
UBER TECHNOLOGIES, INC., A )
DELAWARE CORPORATION;  RASIER, )
LLC, A DELAWARE CORPORATION; )
AND  RASIER-CA, LLC, A DELAWARE )
CORPORATION, )
 )
     Defendants. )

2:19-CV-00675-LPL

## <u>INITIAL SCHEDULING ORDER</u>

**AND NOW**, this 9th day of September 2021, **IT IS HEREBY ORDERED that** this action is placed under Local Rule 16.1 for pretrial proceedings and all provisions of the Rule will be strictly enforced.

**IT IS FURTHER ORDERED** that counsel shall confer with their clients prior to all case management, status or pretrial conferences to obtain authority to participate in settlement negotiations to be conducted by the Court.  Counsel are encouraged to instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

**IT IS FURTHER ORDERED** that compliance with provisions of Rule 16 shall be

completed as follows:

1. Initial disclosures pursuant to Fed. R. Civ. P. 26(a) shall be made by **October 1, 2021.**

2. Amendments to the pleadings and joinder of additional parties will be completed by **October 22, 2021.**

3. The ADR process will be completed no later than **November 8, 2021.**

4. A telephone status conference is scheduled for **November 15, 2021 at 11:00 AM.** Counsel are to call into the conference by dialing 888-363-4749 and entering the access code 6019141. If asked for a security code, use * to bypass.

5. The parties shall complete fact discovery by **March 9, 2022.** All interrogatories, depositions and requests for admissions and/or production of documents shall be served within sufficient time to allow responses to be completed prior to the close of discovery. If the parties are unable to resolve a discovery dispute following a meet and confer, they are to contact the Court to schedule a telephone conference prior to filing a discovery related motion.

6. A status/settlement conference will be held on **March 14, 2022 at 2:00 PM.** Trial counsel shall attend and the parties shall be available by telephone. No later than 5 business days prior to the conference any party intending to file a motion for summary judgment shall file a statement, no longer than 3 pages, setting forth the grounds on which the motion will be filed. All parties are to be prepared to discuss this at the conference.

7.    Procedures Following Inadvertent Disclosure ("Clawback"): Pursuant to

Local Rule LCvR 16.1(D), and to aid in the implementation of Fed. R.

Evid. 502, the following is ordered

a) If a party (the "Producing Party") discloses information in connection

with the pending litigation that the Producing Party thereafter claims to be

protected by the attorney-client privilege and/or trial preparation material

protection ("Protected Information"), the disclosure of that Protected

Information will not constitute or be deemed a waiver or forfeiture, in this

or any other federal, state, arbitration, or any other proceeding, of any

claim of privilege or protection as trial preparation material that the

Producing Party would otherwise be entitled to assert with respect to the

Protected Information and its subject matter.

b) The producing party must promptly notify the party receiving the

Protected Information (the "Receiving Party"), in writing that it has

disclosed the Protected Information without intending a waiver by the

disclosure. The notification by the Producing Party shall include as

specific an explanation as possible why the Protected Information is

covered by the attorney- client privilege and/or constitutes trial

preparation material upon such notification, the Receiving Party must,

unless it contests the claim of attorney-privilege or protection as trial

preparation material, promptly notify the Producing party that it will make

best efforts to identify and return, sequester or destroy (or in the case of

electronically stored information, delete) the Protected Information and

any reasonably accessible copies it has and provide a certification that it will cease further review, dissemination and use of the Protected Information.

c) If the Receiving Party contests the claim of attorney-client privilege or protection as trial preparation material, the Receiving Party must, within 30 days of receipt of the notification referenced above, move the Court for an Order finding that the material referenced in the notification does not constitute Protected Information. This Motion must be filed (with Court approval) under seal and cannot assert the fact or circumstances of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion.

d) The parties may stipulate to extend the time periods set forth above. The Disclosing Party retains the burden of establishing the privileged or protected nature of the Protected Information. This Order does not preclude a party from voluntarily waving the attorney-client privilege or trial preparation material protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

e) Rule 502(b)(2). The failure to take reasonable steps to prevent the

disclosure shall not give rise to a waiver of the privilege.

**IT IS FURTHER ORDERED** that the parties shall follow this Court's Order on

Motions Practice in connection with all pretrial motions.  The Court is to be contacted via

telephone for any discovery disputes. The pendency of motions, including dispositive motions,

will not stay the time periods set forth in, nor affect any other compliance requirements of, the

Scheduling Orders.


BY THE COURT:


LISA PUPO LENIHAN
United States Magistrate Judge